Chief Justice Booth charged the jury:—
 

 Booth,
 
 Chief Justice.
 

 Plaintiff claims through proceedings in the Orphans’ Court the title of Rebecca Sutton; who, he says, died seized of the land. Rebecca Sutton left three children, of whom Ann Peterson was one. Ann Peterson conveyed to Daniel Bedwell, to whom the land was assigned in the Orphans’ Court. Bedwell con'veyed to plaintiff. The proceedings in the Orphans’ Court were on the petition of Bedwell, and the assignment in the Orphans’ Court conveyed to him all Rebecca Sutton’s title in the land.
 

 What was the title of Rebecca Sutton1? Plaintiff insists that she had a title by possession. Twenty years adverse possession, uninterrupted, gives a good title. It is for the jury to say whether there has been such, a possession in Rebecca Sutton; if so, the verdict ought to be for plaintiff for all the land.
 

 The plaintiff contends also, that because of a recovery had by Ann Peterson against this defendant, in a previous action of ejectment, the defendant is estopped from controverting the plaintiff’s title as to one-third. The general rule is, that a recovery in ejectment is no conclusive in any other ejectment; and wo do not think this cas' varies the matter, though it is called a recovery on confession. Th record shows that it was not a confession formally made in opei: court, but a general confession of judgment, having no other effec than the verdict of a jury.
 

 The plaintiff also contends that the proceedings in the Orphans’ Court are conclusive against this defendant. These proceedings ii: the Orphans’.Court are ex parte, on the petition of some one or mor of the persons concerned. Those proceedings conclude no one, not a party to them, from denying the title of the intestate.
 

 The plaintiff had a verdict,